## In re CARRIER et al.

*(District Court, W. D. Pennsylvania. June 4, 1891.)*

ASSIGNMENT OF JUDGMENT—NOTICE—BANKRUPTCY.

A bankrupt, after his adjudication in bankruptcy, transferred a check and the transferee sued upon it, and obtained judgment. Afterwards the transferee, while drunk, sold and assigned the judgment, which amounted to $492, for $5. *Held*, that the purchaser of the judgment was chargeable with notice of the title, and that he could not hold the judgment against the assignee in bankruptcy.

In Bankruptcy. Exceptions to register's report.

*Cohen & Israel*, for exceptant.

*L. B. D. Reese*, for report.

REED, J. Charles Ross, the plaintiff in the judgment, had no title to the check upon which he sued, as against the assignee in bankruptcy. It was transferred to him by Baum after his adjudication in bankruptcy, when it belonged to the assignee. If the respondent, Aaron, can hold the judgment obtained upon this check as against the assignee in bankruptcy, he must show (and the burden is upon him) that he is a *bona fide* purchaser for value without notice. An examination of the testimony shows that he has failed in this respect. A drunken man whom he does not know is brought to him, after business hours, by another drunken man, whom he knows to be an adjudicated bankrupt, and he gives the latter $5, and receives from the former a paper purporting to be an assignment, written across a scrap of foolscap, of a judgment for $492, with interest from July 17, 1875, against Henry Metzgar. The paper is neither dated, under seal, nor witnessed; nor does it state the court, nor the county or state, in which the judgment was recovered. Ross testifies that the $5 was only borrowed, and the judgment assigned as security, although the assignment is absolute on its face. The transaction was so trifling that Mr. Aaron failed to remember it when his attention was first called to the matter, and he could not remember the details of the transaction when called to the witness stand. It is idle to characterize this as a business transaction. It was evidently a case, with which every one is familiar, of an application by an old acquaintance for a trifling loan, and the assignment was probably prepared by the bor-

rowers to give dignity to the application, as well as to get the money, and was to be used wherever the application was successful. That it was prepared beforehand is evident, as the name of Mr. Aaron is inserted in different ink from that used in the body of the paper. But, whether a *bona fide* business transaction or not, there was enough in the whole proceeding to arouse suspicion in the mind of a cautious, prudent man, and to put him on inquiry, and inquiry from the defendant Metzgar would have disclosed at once the fact that Ross had no title to the judgment; and, it being Mr. Aaron's duty to inquire, he is chargeable with notice of the real facts, and stands in no better position, as against the assignee, than the original plaintiff in the judgment. He has failed to make out such a case as is requisite to enable him to hold the judgment as against the rightful owner. The parties have submitted their case both before the register and in court upon the merits, raising no question as to the form of the proceeding, and in my judgment the findings of the register and his conclusions are correct, and the exceptions to his report must be overruled, and the report confirmed, and the said Aaron directed to execute an assignment of the said judgment to the assignee in bankruptcy. Counsel will prepare an order accordingly.